﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 190319-4295
DATE: December 31, 2019

ORDER

Entitlement to an effective date earlier than December 28, 2016 for the award of a 30 percent rating for bilateral pes planus with right foot Morton’s neuroma and metatarsalgia is denied.

FINDINGS OF FACT

1. There were no other pending, unadjudicated formal or informal claims for an increased rating for bilateral pes planus with right foot Morton’s neuroma and metatarsalgia prior to April 27, 2017, the date of a claim for increased rating was received by VA.

2. December 28, 2016 is the earliest date in which it is factually ascertainable the Veteran’s bilateral pes planus with right foot Morton’s neuroma and metatarsalgia underwent an increase in disability. 

CONCLUSION OF LAW

The criteria for an effective date earlier than December 28, 2016 for the award of a 30 percent rating for bilateral pes planus with right foot Morton’s neuroma and metatarsalgia have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.105, 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the United States Navy from March 1974 to October 1974. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board of Veterans’ Appeals (the Board) is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. 

The Veteran selected the Higher-Level Review lane when he submitted his RAMP election form in June 2018. Accordingly, the Agency of Original Jurisdiction (AOJ) issued a February 2019 RAMP rating decision, which considered the evidence of record as of the date VA received the RAMP election form. In March 2019, the Veteran disagreed with the decision and submitted a Decision Review Request form, in which he opted to appeal the decision to the Board under the Direct Review option. This decision has been written consistent with the new AMA framework. 

Duties to Notify and Assist

With respect to the Veteran’s claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C. §§ 5100, 5102, 5103, 5103A; 38 C.F.R. § 3.159. The Veteran has not advanced any procedural arguments in relation to VA’s duties to notify and assist; therefore, the Board will proceed with appellate review. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015).

Earlier Effective Date

Generally, the effective date of an award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase shall be fixed in accordance with the facts found, but shall be no earlier than the date of receipt of the application therefor. 38 U.S.C. § 5110(a). The statutory provision is implemented by regulation which provides that the effective date for an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 C.F.R. § 3.400.

The reference above to “the date entitlement arose” is not defined in the current statute or regulation. The Court has interpreted it as the date when the claimant met the requirements for the benefit sought; this is determined on a “facts found” basis. See 38 U.S.C. § 5110(a); McGrath v. Gober, 14 Vet. App. 28, 35 (2000).

An exception to the above rule applies in certain circumstances for increased compensation claims. The effective date of an award for an increased rating is the earliest date when it is factually ascertainable that an increase in disability occurred, if the application for an increase is received within one year from the date of increase. Otherwise, the effective date is the date of receipt of the claim. See 38 U.S.C. § 5110(b)(2); 38 C.F.R. § 3.400(o)(2); see also Hazan v. Gober, 10 Vet. App. 511 (1997). 

The date of receipt of a claim is the date on which a claim, information, or evidence is received by VA. 38 C.F.R. § 3.1(r). Prior to March 24, 2015, a claim is defined as a formal or informal communication in writing requesting a determination of entitlement, or evidencing a belief in entitlement, to a benefit. 38 C.F.R. § 3.1(p). Effective March 24, 2015, VA amended its regulations to require that all claims governed by VA’s adjudication regulations be filed on a standard form. The amendments also eliminated the constructive receipt of VA reports of hospitalization or examination and other medical records as informal claims. See 79 Fed. Reg. 57,660 (Sept. 25, 2014), codified as amended at 38 C.F.R. § § 3.151, 3.155. 

Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996).

Entitlement to an effective date earlier than December 28, 2016 for the award of a 30 percent rating for bilateral pes planus with right foot Morton’s neuroma and metatarsalgia

The Veteran seeks entitlement to an effective date earlier than December 28, 2016 for the award of a 30 percent rating for his bilateral pes planus with Morton’s neuroma and metatarsalgia of the right foot. The Veteran essentially contends that he should have been awarded a 30 percent rating back to at least March 2014, which is the date he filed a claim for service connection for hammertoes affecting the right foot. He asserts that medical evidence submitted with his claim for hammertoes showed an increase in right foot symptomatology and, therefore, should have reasonably raised the issue of entitlement to an increased rating for pes planus with Morton’s neuroma and metatarsalgia of the right foot. 

The Board finds a brief recitation of the procedural history of this case instructive for the purpose of clarifying the issue on appeal in light of the arguments put forth by the Veteran. The Veteran was granted service connection for bilateral pes planus in a July 2010 rating decision and assigned a 10 percent rating effective March 3, 2010. Thereafter, in March 2014, the Veteran filed a claim for service connection for hammertoes of the right foot secondary to service-connected pes planus. The Veteran submitted private treatment records showing that he sought treatment in February 2014 for right foot pain, which he attributed to the diagnosed hammertoe on the second toe of his right foot. He was also diagnosed with Morton’s neuroma on the right foot. In a January 2017 rating decision, the Veteran was granted service connection for hammertoe of the right second toe, which was rated noncompensably disabling effective March 12, 2014. 

Based on the results of a December 2016 VA foot conditions examination, which revealed additional foot disabilities of right foot metatarsalgia and Morton’s neuroma that may be related to the Veteran’s pes planus, VA sent the Veteran a letter notifying him that if he wished to file a claim for service connection for these disabilities, he must do so on the prescribed form (VA Form 21-526EZ). Accordingly, in April 2017, the Veteran filed a claim for service connection for right foot metatarsalgia and Morton’s neuroma, as well as a claim for an increased rating for service-connected bilateral pes planus. In a July 2017 rating decision, the Veteran was granted service connection for right foot metatarsalgia and Morton’s neuroma, which was combined and rated together with the Veteran’s service-connected bilateral pes planus to avoid pyramiding. See 38 C.F.R. § 4.14. This resulted in the Veteran being service-connected for the newly combined disability – bilateral pes planus with Morton’s neuroma and metatarsalgia of the right foot – effective March 3, 2010, the original date of service connection for bilateral pes planus. Moreover, the rating decision also granted an increased 30 percent rating for the newly combined disability effective December 28, 2016, the date of the VA examination showing an increase in disability.

The Veteran filed a notice of disagreement to the July 2017 rating decision, expressing disagreement with the effective date assigned to the increased 30 percent rating for the right foot disability. In a March 2018 statement, the Veteran asserted that he is entitled to a 30 percent rating for his foot conditions back to at least March 2014 when he filed a claim for service connection for hammertoe. The Veteran alleges that, at that time, he incorrectly attributed his increased right foot pain to hammertoe, but that the contemporaneous medical evidence showed that he also had additional right foot conditions, including Morton’s neuroma. The Veteran contends that this medical evidence and his reports of increased right foot pain reasonably raised the issue of entitlement to an increased rating, thus warranting an earlier effective date. 

After careful review of the evidence of record, and with consideration of the Veteran’s contentions, the Board finds that an effective date earlier than December 28, 2016 for the award of a 30 percent rating for his bilateral pes planus with Morton’s neuroma and metatarsalgia of the right foot is not warranted. In this regard, the Board finds that the preponderance of the evidence weighs against the Veteran’s claim as the Veteran is already in receipt of the earliest possible effective date for his award of an increased rating for his disability, and there is no legal basis upon which to award an even earlier effective date.

Initially, the Board will address the Veteran’s argument that his March 2014 claim for service connection for hammertoe and the associated private medical records and lay statement attesting to increased pain in his right foot should have been reasonably construed as a claim for an increased rating for his bilateral pes planus with Morton’s neuroma and metatarsalgia of the right foot. The Board notes that the Veteran, in both statements to VA and his treating physician, explicitly attributed his increased right foot pain to his hammertoe deformity. As such, the Board does not find that an informal claim for an increased rating should have been reasonably construed from the Veteran’s March 2014 claim as there was no indication at that time that his pes planus had undergone an increase in severity. See 38 C.F.R. § 3.157(b) (as in effect prior to March 24, 2015). 

Furthermore, the Board can find no other pending, unadjudicated informal or formal claims for an increased rating for bilateral pes planus prior to April 27, 2017, when the Veteran submitted VA Form 21-526EZ explicitly claiming entitlement to an increased rating. Thus, April 27, 2017 is the date of receipt of the claim for an increased rating.

On the question of when entitlement arose, a December 28, 2016 VA foot conditions examination provided the earliest medical evidence of record indicating that the Veteran met the criteria for a 30 percent rating under 38 C.F.R. § 4.71a, Diagnostic Codes 5279-5276 for bilateral pes planus and right foot Morton’s neuroma and metatarsalgia. 

As noted above, VA regulations provide that the effective date will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400(o)(1). Moreover, while the effective date can generally be no earlier than the date of receipt of the claim for an increased rating, under an exception to this rule, an earlier effective date may be granted on the date of a factually ascertainable increase in symptoms, if such increase occurred within the one-year period preceding the date of the claim. 38 U.S.C. § 5100 (b)(2); 38 C.F.R. § 3.400 (o)(2); see also Hazan v. Gober, 10 Vet. App. at 521. 

In this regard, the Board notes that the Veteran filed his increased rating claim on April 27, 2017. However, the December 28, 2016 VA examination, which took place within the one-year period preceding the date of the claim, showed a factually ascertainable increase in disability. There is no earlier medical evidence within the one-year period preceding April 27, 2017 showing an increase in disability. As such, the Board finds that December 28, 2016 is the proper effective date for the award of a 30 percent rating for the Veteran’s bilateral pes planus with Morton’s neuroma and metatarsalgia of the right foot. It is the earliest effective date allowable by law in this case. 

The Board notes the Veteran’s argument that the November 2014 notice of disagreement as to the denial of service connection for right foot hammertoe secondary to service-connected pes planus reasonably encompasses a claim for an increased rating for bilateral pes planus with right foot Morton’s neuroma and metatarsalgia. However, the November 2014 notice of disagreement explicitly identifies a June 2014 decision date (which denied service connection for a right foot hammertoe) and provides explicit argument as to why service connection for right hammertoe was warranted. There is no indication that the Veteran sought to file a claim for an increased rating for bilateral pes planus with right foot Morton’s neuroma and metatarsalgia as the severity of the pes planus disability was not mentioned or addressed in this November 2014 notice of disagreement. Indeed, the Veteran acknowledges that his foot pain was incorrectly attributed to his hammertoes during this time period. The September 2014 private treatment note submitted by the Veteran along with his November 2014 notice of disagreement addresses the severity of his right foot hammertoe, not his bilateral pes planus. The treatment note reflects the Veteran’s complaints about his painful right foot hammertoe as well as physical findings and treatment recommendations related to the right foot hammertoe. This argument is without merit.

(Continued on the next page)

 

The pertinent legal authority governing effective dates is clear and specific, and the Board is bound by that authority. The Board finds that the preponderance of the evidence is against the assignment of an effective date earlier than December 28, 2016 for the award of a 30 percent rating for the Veteran’s bilateral pes planus with Morton’s neuroma and metatarsalgia of the right foot. Accordingly, the benefit-of-the-doubt rule is not for application and the Veteran’s claim must be denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 Kristy L. Zadora

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Melissa Barbee, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.